**FILED: August 23, 2018**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1743

SIERRA CLUB; WEST VIRGINIA RIVERS COALITION; WEST VIRGINIA HIGHLANDS CONSERVANCY; APPALACHIAN VOICES; CHESAPEAKE CLIMATE ACTION NETWORK,

Petitioners,

v.

UNITED STATES ARMY CORPS OF ENGINEERS; MARK T. ESPER, in his official capacity as Secretary of the U.S. Army; TODD T. SEMONITE, in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers; PHILIP M. SECRIST, in his official capacity as District Commander of the U.S. Army Corps of Engineers, Huntington District; MICHAEL E. HATTEN, in his official capacity as Chief, Regulatory Branch, U.S. Army Corps of Engineers, Huntington District,

Respondents,

ATLANTIC COAST PIPELINE LLC,

Intervenor.

On Petition for Review of an Order of the United States Army Corps of Engineers.
(LRH-2014-00484-GBR)

**O R D E R**

PER CURIAM:

On February 7, 2018, the Huntington District of the U.S. Army Corps of Engineers issued verifications finding that the Atlantic Coast Pipeline (ACP) is authorized under Nationwide Permit 12 (NWP 12) to construct its pipeline through West Virginia waters. Petitioners now move for a stay of that verification pending review. They argue that ACP's crossing of the Greenbrier River cannot satisfy the NWP 12 condition limiting the duration of water crossings in West Virginia to 72 hours.

We deny Petitioners' motion without prejudice. The record lacks clear evidence that ACP is unable to comply with the 72-hour condition. In addition, the Huntington District of the Corps has voluntarily suspended all NWP 12 verifications for ACP in West Virginia pending ACP's provision of additional information to ensure its compliance with all NWP 12 conditions. ACP. Resp. Br. Ex. 2. Finally, ACP has committed "to provide written notice to Petitioners prior to resuming any work authorized under NWP 12 so that Petitioners may review the Corps' decision and pursue further relief from the Corps or this Court," ACP Resp. Br. 6, which we interpret to be not less than 14 business days prior to resuming construction.

Entered at the direction of Chief Judge Gregory with the concurrences of Judge Wynn and Judge Thacker.

*MOTION DENIED*

FOR THE COURT

/s/Patricia S. Connor
Clerk

2